**RESHMA KAMATH**

700 El Camino Real, Suite 120, #1084,

Menlo Park, California 94025, United States

Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com

Plaintiff, *In Propria Persona*

## IN AND FOR THE UNITED STATES DISTRICT COURT
## CENTRAL DIVISION

| | |
|---|---|
| RESHMA KAMATH, an individual,<br><br>                    Plaintiff,<br><br>        vs.<br><br>THE SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES; WILLIAM D. STEWART; MICHAEL SCHULTZ; COMMISSION ON JUDICIAL PERFORMANCE; JUDICIAL COUNCIL OF CALIFORNIA; SAMANTHA LAMM; TOMAS ORTIZ; LISA DE LORME; DANIEL MEDIONI; and DOES 1-10, inclusive;<br><br>                    Defendants. | **CASE NO.: 2:23-cv-8979**<br>**PLAINTIFF RESHMA KAMATH'S**<br>**COMPLAINT FOR DAMAGES:**<br>**I.    NEGLIGENCE**<br>**II.   NEGLIGENT HIRING, SUPERVISION, AND RETENTION**<br>**III.  42 U.S.C 1983 VIOLATION DUE PROCESS & EQUAL PROTECTION CLAUSES**<br>**IV.   FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, AND/OR RETALIATION**<br>**V.    WILLFUL JUDICIAL MISCONDUCT**<br>**VI.   DEFAMATION *PER SE* - LIBEL**<br>**VII.  DEFAMATION *PER QUOD* - LIBEL**<br>**VIII. FALSE LIGHT**<br><br>**DEMAND FOR JURY TRIAL** |

> *TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS[S] OF RECORD, HEREIN:*

1

### *INTRODUCTION*

NOBODY IS ABOVE THE LAW. Not the President of the United States of America; not the ministers and staff; *and definitely*, not the judicial officers of California courts for their willful misconduct, and, invidious discrimination.

As much as race is a social construct, the LEGISLATURE has codified race in the State Law of California, and the United States of America.

*Ultra Vires* conduct that is based on racial/ethnic/cultural/religious motivations are not protected under any constitutional absolute immunity, and/or litigation privilege.

PLAINTIFF RESHMA KAMATH, thus, has a right as an attorney to call out the abuses of the courts, as well as the judicial officers.

PLAINTIFF RESHMA KAMATH complains and alleges against THE SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES, WILLIAM D. STEWART, MICHAEL SCHULTZ, JUDICIAL COMMISSION ON PERFORMANCE, JUDICIAL COUNCIL OF CALIFORNIA, SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME, DANIEL MEDIONI, and DOES 1-10, inclusive, that:

### *PARTIES*

1. PLAINTIFF RESHMA KAMATH is the plaintiff in this matter, and a lawyer in good standing with the State Bar of California.

2. PLAINTIFF RESHMA KAMATH is Indian, female, and an immigrant. Based on

this, PLAINTIFF is a minority in the legal profession, and in the United States.

3. PLAINTIFF RESHMA KAMATH graduated *Summa Cum Laude* in undergraduate school, *High Honors* in graduate school, and attended Northwestern University for law school. PLAINTIFF RESHMA KAMATH has won several graduate and international scholarships/awards on various issues ranging from international sustainable development, environment, and thesis. For this, PLAINTIFF RESHMA KAMATH was awarded for work-purposes to contribute her work in Belgium, Japan, South Korea, Cambodia, and South Africa.

4. PLAINTIFF RESHMA KAMATH was part of diversity and leadership initiatives locally and globally; and has worked with several diverse individuals as her supervisors, colleagues, and juniors.

5. DEFENDANT WILLIAM D. STEWART is the defendant in this matter, and a judicial officer in the Superior Court of California, County of Los Angeles. It is undisputed that DEFENDANT STEWART said, "SHUT UP SHUT YOUR MOUTH" "SHUT UP SHUT YOUR MOUTH" to PLAINTIFF RESHMA KAMATH. It is undisputed that DEFENDANT STEWART put PLAINTIFF RESHMA KAMATH's life and security in physical danger.

6. It is undisputed that DEFENDANT STEWART has **not** had a direct boss, direct supervisor [while he was an attorney, Judge Brazille did not directly supervise DEFENDANT SCHULTZ], and/or professor who was a female woman of

color/non-White. It is undisputed that DEFENDANT WILLIAM D. STEWART is only fluent in English, except what he may have studied in high school as a second language, if any. DEFENDANT STEWART is demeaning of women of color who're intelligent and driven. DEFENDANT STEWART displays anger and racial animus towards women of color who have any intelligent statements against the way he thinks. DEFENDANT STEWART is a predator towards women of color who're alone without a male overseeing her where he can abuse such women. Even if DEFENDANT STEWART claims he has several women of color day-in and day-out in his courtroom for name-change, and related purposes, most of those women are not lawyers who're sole-practitioners; they're often in a subservient role to DEFENDANT STEWART; and, show up with a male person.

7. DEFENDANT MICHAEL SCHULTZ is the defendant in this matter, and a judicial officer in the Superior Court of California, County of Los Angeles. DEFENDANT SCHULTZ was described as "furious" by another lawyer. DEFENDANT SCHULTZ not only harassed PLAINTIFF RESHMA KAMATH during the auspicious occasion of Navratri, but also harassed another Indian/Hindu family in Cupertino, California wrongly serving them. DEFENDANT SCHULTZ was, however, extremely protective of DEFENDANT MEDIONI when they had their cultural festivals. DEFENDANT SCHULTZ is racially prejudiced towards Indian and/or Hindu people. Per information and belief, DEFENDANT SCHULTZ

may be Jewish/White/Caucasian; thus, he has prior demonstrated an affinity toward DEFENDANT MEDIONI and against PLAINTIFF KAMATH. It is undisputed that DEFENDANT SCHULTZ has **not** had a direct boss, direct supervisor [while he was an attorney, Judge Brazille never directly supervised DEFENDANT SCHULTZ], and/or professor who was a female woman of color/non-White. It is undisputed that DEFENDANT SCHULTZ is only fluent in English, except what he may have studied in high school as a second language.

8. Both DEFENDANTS SCHULTZ and STEWART have subordinate clerks of color; and they think it will protect them from any and all kind of racially-charged conduct, and statements towards PLAINTIFF RESHMA KAMATH.

9. Specifically, both DEFENDANTS SCHULTZ and STEWART believe that they will be absolved of liability, from any and all kind of racially-charged conduct, and statements towards PLAINTIFF RESHMA KAMATH, because each have subordinate clerks of color, an African-American clerk and Latin-American, respectively.

10. After targeting African-American and the majority populous Latin-American groups, DEFENDANTS have now moved on to racially target and attack a newer minority to the United States, i.e., Indians, Indian-Americans, and Hindu-Americans, that racial/ethnic/cultural group that PLAINTIFF RESHMA KAMATH belongs to.

11. DEFENDANT COMMISSION ON JUDICIAL PERFORMANCE is the defendant in this matter, and allegedly a commission monitoring judicial officers in the state courts, federal courts, and appellate courts in California, including the Superior Court of California, County of Los Angeles. DEFENDANT COMMISSION has failed to properly investigate matters reported them mailing a **one-liner letter** stating "inconclusive" without "clear and convincing evidence." DEFENDANT COMMISSION did not provide any evidence that they had conducted any kind of investigation.

12. DEFENDANT JUDICIAL COUNCIL OF CALIFORNIA is the defendant in this matter, and a body providing forms, documents, and lawyers to support judicial officers in the in the state courts, federal courts, and appellate courts in California, including the Superior Court of California, County of Los Angeles. DEFENDANT COUNCIL has harbored unethical lawyers who make perjured statements under oath.

13. DEFENDANTS DANIEL MEDIONI is not **protected under litigation privilege** when his CIVIL PERJURY statements lead to *quasi-* and/or criminal contempt. DEFENDANT SCHULTZ and DEFENDANT MEDIONI had *ex-parte* communications together where they each displayed anti-Hindu, anti-Indian sentiments in court.

14. DEFENDANTS SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME are

attorneys who have made false statements under oath, and under penalty of perjury. Thus, PLAINTIFF alleges DEFENDANTS LAMM, ORTIZ and DE LORME committed CIVIL PERJURY. DEFENDANTS LAMM, ORTIZ and DE LORME are **not protected under litigation privilege** when their CIVIL PERJURY statements lead to *quasi-* and/or criminal contempt.

15. PLAINTIFF presently remains unaware of the true names or capacities of Defendants named herein as DOES 1-10, inclusive, and PLAINTIFF will seek leave of Court to allege their true names and capacities after the same have been ascertained.

16. DEFENDANTS DOES 1-10, inclusive, are sued under fictitious names. PLAINTIFF is informed and believes, and on that basis alleges, that each of the defendants sued under fictitious names is in some manner responsible for the wrongs and damages alleged below, in so acting was functioning as the agent, servant, partner, and employee of the co-defendants, and in taking the actions mentioned below was acting within the course and scope of his or her authority as such agent, servant, partner, and employee, with the permission and consent of the co-defendants. The named defendants and DOE defendants are sometimes hereafter referred to, collectively and/or individually, as "defendants."

17. PLAINTIFF remains informed and believes and thereon alleges that each of the Defendants herein, and are in some manner legally responsible for the acts and

omissions alleged herein and actually and legally caused and contributed to various injuries and damages alleged herein. PLAINTIFF remains informed and believes and thereon alleges that at all times herein mentioned, each of the Defendants was the agent, servant, partner, joint venturer, and/or employee of each of the other Defendants, and in doing the things hereinafter alleged, were acting within the course and scope of said agency and/or employment, and with the permission.

18. ANY AND ALL DEFENDANTS were responsible for the events and damages alleged herein, including on the following bases: (a) defendants committed the acts alleged; (b) at all relevant times, one or more of the defendants was the agent or employee, and/or acted under the control or supervision, of one or more of the remaining cross-defendants and, in committing the acts alleged, acted within the course and scope of such agency and employment and/or is or are otherwise liable for Plaintiff's damages; (c) at all relevant times, there existed a unity of ownership and interest between or among two or more of the defendants such that any individuality and separateness between or among those defendants has ceased, and defendants are the alter egos of one another.

19. Defendants exercised domination and control over one another to such an extent that any individuality or separateness of defendants does not, and at all times herein mentioned did not, exist. Adherence to the fiction of the separate existence of defendants would permit abuse of the corporate privilege and would sanction fraud

and promote injustice.

20. All actions of all defendants were taken by employees, supervisors, executives, officers, and directors during employment with all defendants, were taken on behalf of all defendants, and were engaged in, authorized, ratified, and approved of by all other defendants.

### ***VENUE & JURISDICTION***

21. This Court has jurisdiction over this action because the matter in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of costs and interest, and that diversity exists because Plaintiff is a resident and is domiciled in the State of Arizona. Complete Federal Diversity Jurisdiction over Defendants is proper.

22. Venue is proper in this Judicial District, because the events giving rise to the claims made herein occurred in this Judicial District and in Arizona. The predicate acts complained of herein did occur within the territorial boundaries of this court, and the corpus of the complaint centers on state law questions. Thus, jurisdiction is proper in this court.

### ***STANDING & STATUTE OF LIMITATIONS***

23. PLAINTIFF RESHMA KAMATH has standing to establish this matter, because there was an injury-in-fact, and the claim is ripe and justiciable.

24. PLAINTIFF RESHMA KAMATH is within the statute of limitations, because the

statements and conduct by the DEFENDANTS are repetitive, republished, and within the required statute of limitations for the stated causes of actions. Further, the statute of limitations was tolled per the appeal, and the delayed discovery rule applies.

### *FACTUAL ALLEGATIONS*

### __DEFENDANT STEWART__

25. It is undisputed that DEFENDANT STEWART said, "SHUT UP SHUT YOUR MOUTH" "SHUT UP SHUT YOUR MOUTH" to PLAINTIFF RESHMA KAMATH.

26. DEFENDANT STEWART and his DEFENDANT COUNCIL attorney admit under oath to DEFENDANT STEWART saying," SHUT UP".

27. DEFENDANT STEWART remains silent, and does not deny saying, "SHUT UP SHUT YOUR MOUTH" to PLAINTIFF RESHMA KAMATH.

28. DEFENDANT STEWART's omission is acquiescence.

29. It is undisputed that DEFENDANT STEWART put PLAINTIFF RESHMA KAMATH's life and security in physical danger, because of DEFENDANT STEWART's recalcitrance that PLAINTIFF RESHMA KAMATH must appear in-person from Arizona to Los Angeles to "apologize" to him in-person.

30. It is undisputed that DEFENDANT STEWART put PLAINTIFF RESHMA KAMATH's life and security in physical danger, because PLAINTIFF RESHMA

KAMATH had to take an overnight AMTRAK – and because that AMTRAK got canceled at 9 P.M. from Yuma, Arizona, PLAINTFF RESHMA KAMATH had to literally hitchhike from an opportune Uber driver and his friend [complete strangers to PLAINTIFF], all-night sleeping in their SUV backseat and paying them over $1,000 for DEFENDANT STEWART's abuse.

31. DEFENDANT STEWART's sexually-provocative, pornographic-like words, such as "SHUT YOUR MOUTH" repeatedly toward PLAINTIFF RESHMA KAMATH during a hearing are unacceptable.

32. DEFENDANT STEWART's Taliban-style judiciousness and his treatment of women of color who're educated and intelligent as lesser, more masculine, and to demean them with such as toward PLAINTIFF RESHMA KAMATH is unacceptable.

33. DEFENDANT STEWART put PLAINTIFF RESHMA KAMATH under duress and discriminatory treatment while demanding an unconditional apology from her.

34. In the year 2021, DEFENDANT STEWART put PLAINTIFF RESHMA KAMATH's life, safety and security in danger.

35. Never in any country and in any other professional/academic setting has anyone, whether man and/or woman, made such demeaning statements to PLAINTIFF RESHMA KAMATH.

36. PLAINTIFF RESHMA KAMATH alleges that DEFENDANT STEWARTS'

racial and gender discrimination is not protected under his ministerial duties, does not have absolute immunity, and is purely *ultra vires* conduct.

**DEFENDANT SCHULTZ**

37. In the year 2023, DEFENDANT SCHULTZ was "furious" according to DEFENDANT MEDIONI.

38. In the year 2023, DEFENDANT SCHULTZ was "furious" and made contemptuous orders, after PLAINTIFF RESHMA KAMATH had properly substituted out of a matter that the court had accepted, and a stipulation for continuance with an order was filed.

39. In the year 2023, DEFENDANT SCHULTZ is displaying his abuse towards PLAINTIFF RESHMA KAMATH.

40. If DEFENDANT SCHULTZ genuinely cared about the case, and/or the client, and/or was truly impartial, then DEFENDANT SCHULTZ would have ordered Billy Jun to appear. [Bily Jun who had issued NSF checks and non-payment in addition to his verbally abusive phone-calls repetitively stating words like "FUCK" months prior late into the night.] To preserve attorney-client privilege, PLAINTIFF RESHMA KAMATH had properly just filed a substitution of attorney that the court accepted. However, DEFENDANT SCHULTZ is not neutral. DEFENDANT SCHULTZ struck the form, because DEFENDANT SCHULTZ has that Bro-code towards light-skinned men such as DEFENDANT MEDIONI.

12

41. In the year 2023, DEFENDANT SCHULTZ not only harassed PLAINTIFF RESHMA KAMATH during the auspicious occasion of Navratri but also harassed another Indian/Hindu family in Cupertino, California wrongly serving them. PLAINTIFF RESHMA KAMATH states the spouse of that woman called PLAINTIFF to inform them of a Sheriff/police officer coming to their door to serve DEFENDANT SCHULTZ's documents on that woman.

42. PLAINTIFF RESHMA KAMATH alleges that DEFENDANT SCHULTZ's racial and gender discrimination is not protected under his ministerial duties, does not have absolute immunity, and is purely *ultra vires* conduct.

43. DEFENDANT SCHULTZ and DEFENDANT STEWART are no different than those who lived during colonization, slavery, and/or apartheid who had hired people of color in subordinate roles, and claimed that their work was grounded in the law.

44. DEFENDANT SCHULTZ and DEFENDANT STEWART each has a person of color in a clerk-type role. Thus, they think that they can be racially abusive to other minority lawyers appearing solo before them in the United States and in the legal profession, because they have some clerks of color in a subservient role.

45. Neither DEFENDANT SCHULTZ nor DEFENDANT STEWART has ever had a woman of color directly lead them at work, direct them, delegate to them, and/or be in a seniority role to them.

46. DEFENDANT SCHULTZ and DEFENDANT STEWART have displayed that THOMAS GIRARDI type of conduct and omission.

**DEFENDANTS SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME**

47. DEFENDANTS SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME are attorneys who have made false statements under oath, and under penalty of perjury. Thus, PLAINTIFF alleges DEFENDANTS LAMM, ORTIZ and DE LORME committed CIVIL PERJURY. DEFENDANTS LAMM, ORTIZ and DE LORME are **not protected under litigation privilege** when their CIVIL PERJURY statements lead to *quasi-* and/or criminal contempt.

48. DEFENDANTS SAMANTHA LAMM, TOMAS ORTIZ, and LISA DE LORME are attorneys who have made false statements under oath, and under penalty of perjury that they believed that PLAINTIFFF had made contemptuous statements rather than the DEFENDANT STEWART. However, PLAINTIFFF did not.

49. DEFENDANTS SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME only did this to win their case. It is undisputed that DEFENDANTS SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME each work with White/Male-owned law firms.

**DEFENDANT COUNCIL**

50. DEFENDANT   COUNCIL's   attorney   misrepresented   under   oath   that

DEFENDANT STEWART stated "stop" which the latter did not.

51. DEFENDANT COUNCIL did not write the "SHUT YOUR MOUTH" COMMENTS in their declaration.

52. DEFENDANT COUNCIL did not investigate prior to excluding the "SHUT YOUR MOUTH" COMMENTS in their declaration.

53. DEFENDANT COUNCIL owed a duty to PLAINTIFF and breached that duty to disclose and investigate.

**DEFENDANT COMMISSION**

54. DEFENDANT COMMISSION failed to conduct/disclose a proper investigation and negligently wrote a one-liner to PLAINTIFF RESHMA KAMATH. DEFENDANT COMMISSION breached its duty to PLAINTIFF RESHMA KAMATH.

55. DEFENDANT COMMISSION has failed to properly investigate/disclose matters reported them mailing a **one-liner letter** stating "inconclusive" without "clear and convincing evidence." DEFENDANT COMMISSION did not provide any evidence that they had conducted any kind of investigation.

56. DEFENDANT COMMISSION only eats tax-payer dollars and provides falsified lip-service. The actual investigation and reports are not conducted, and never provided to the parties. The public has a right to the reports getting publicly disclosed. A one-liner letter is insufficient and grossly negligent.

**DEFENDANT SUPERIOR COURT, LOS ANGELES**

57. DEFENDANT SUPERIOR COURT, LOS ANGELES failed to conduct/disclose a proper investigation and put PLAINTIFF RESHMA KAMATH's life and profession in danger. DEFE DEFENDANT SUPERIOR COURT, LOS ANGELES NDANT COMMISSION breached its duty to PLAINTIFF RESHMA KAMATH.

58. DEFENDANTS COMMISSION, COUNCIL, and SUPERIOR COURT, and LOS ANGELES each treat women of color badly on their premises when they appear as attorneys without any White/Caucasian, and/or Male attorney; and/or, when they're *in propria persona*.

59. DEFENDANTS COMMISSION, COUNCIL, and SUPERIOR COURT - LOS ANGELES promote abusive, discriminatory and demeaning mistreatment of women within their premises and in their purview.

### *CLAIMS OF RELIEF*

### **FIRST CAUSE OF ACTION**

### *I.     NEGLIGENCE -FAILURE TO INVESTIGATE*

### **[DEFENDANTS COMMISSION, COUNCIL, SUPERIOR COURT – LOS ANGELES; AND DOES 1-10 INCLUSIVE]**

60. PLAINTIFF RESHMA KAMATH hereby pleads, complains, alleges and incorporates via reference each and every allegation stated in the preceding

paragraphs as if set forth fully herein.

## DEFENDANT COMMISSION'S GROSS NEGLIGENCE

61. PLAINTIFF RESHMA KAMATH claims that DEFENDANTS acted unreasonably, that is, without proper cause, by failing to conduct a proper investigation of PLAINTIFF RESHMA KAMATH's claim/complaint.

62. To establish this claim, PLAINTIFF RESHMA KAMATH is able to prove all of the following:

63. That PLAINTIFF RESHMA KAMATH suffered a loss covered;

64. That PLAINTIFF RESHMA KAMATH properly presented a claim/complaint to DEFENDANT COMMISSION to be compensated for the loss;

65. That DEFENDANT COMMISSION had a duty to PLAINTIFF RESHMA KAMATH, and that DEFENDANT COMMISSION breached that duty in that DEFENDANT COMMISSION;

66. That DEFENDANT COMMISSION, failed to conduct a full, fair, prompt, and thorough investigation of all of the bases of PLAINTIFF RESHMA KAMATH's claim/complaint;

67. DEFENDANT COMMISSION breached that duty, because DEFENDANT COMMISSION failed to conduct a full, fair, prompt, and thorough investigation of all of the bases of PLAINTIFF RESHMA KAMATH's claim/complaint;

68. DEFENDANT COMMISSION has failed to properly investigate matters reported

them mailing a **one-liner letter** stating "inconclusive" without "clear and convincing evidence."

69. DEFENDANT COMMISSION did not provide any evidence that they had conducted any kind of investigation;

70. DEFENDANT COMMISSION did not disclose how it came to the conclusion in the **one-liner letter** stating "inconclusive" without "clear and convincing evidence." DEFENDANT COMMISSION did not provide any evidence that they had conducted any kind of investigation;

71. DEFENDANT COMMISSION failed to disclose what kind of  investigation, if any, that they allege they had conducted;

72. That as a result of DEFENDANT COMMISSION's failure and breach, PLAINTIFF RESHMA KAMATH was harmed; and,

73. That DEFENDANT COMMISSION's failure to properly investigate the claim/complaint was a substantial factor in causing PLAINTIFF RESHMA KAMATH's harm;

74. That DEFENDANT COMMISSION's failure to properly investigate the claim/complaint was an actual and/or proximate cause in causing PLAINTIFF RESHMA KAMATH's harm.

75. That DEFENDANT COMMISSION's failure to properly investigate the claim/complaint was an actual and/or proximate cause in causing PLAINTIFF

RESHMA KAMATH's harm that was monetary, non-monetary, and/or punitive.

76. That DEFENDANT COMMISSION's failure to properly investigate the claim/complaint was an actual and/or proximate cause in causing PLAINTIFF RESHMA KAMATH's harm that included but not limited to physical danger, reputational monetary loss, and/or reputational non-monetary loss.

77. When investigating PLAINTIFF RESHMA KAMATH's claim, DEFENDANT COMMISSION had a duty to diligently search for and consider evidence that supported and/or negated of the complaint/claim causing the loss.

## DEFENDANT SUPERIOR COURT- LOS ANGELES' GROSS NEGLIGENCE

78. PLAINTIFF RESHMA KAMATH claims that DEFENDANTS acted unreasonably, that is, without proper cause, by failing to conduct a proper investigation of PLAINTIFF RESHMA KAMATH's claim/complaint.

79. To establish this claim, PLAINTIFF RESHMA KAMATH is able to prove all of the following:

80. That PLAINTIFF RESHMA KAMATH was discriminated against and suffered a loss;

81. That PLAINTIFF RESHMA KAMATH properly presented a claim/complaint to DEFENDANT SUPERIOR COURT- LOS ANGELES to be investigated;

82. That DEFENDANT COMMISSION had a duty to PLAINTIFF RESHMA

KAMATH, and that DEFENDANT SUPERIOR COURT- LOS ANGELES breached that duty in that DEFENDANT SUPERIOR COURT- LOS ANGELES:

83. That DEFENDANT SUPERIOR COURT- LOS ANGELES, failed to conduct a full, fair, prompt, and thorough investigation of any and all of the bases of PLAINTIFF RESHMA KAMATH's claim/complaint;

84. DEFENDANT SUPERIOR COURT- LOS ANGELES breached that duty, because DEFENDANT SUPERIOR COURT- LOS ANGELES failed to conduct a full, fair, prompt, and thorough investigation of any and all of the bases of PLAINTIFF RESHMA KAMATH's claim/complaint;

85. DEFENDANT SUPERIOR COURT- LOS ANGELES has failed to properly investigate matters reported them mailing a **one-liner letter** stating "inconclusive" without "clear and convincing evidence."

86. DEFENDANT SUPERIOR COURT- LOS ANGELES did not provide any evidence that they had conducted any kind of investigation;

87. DEFENDANT SUPERIOR COURT- LOS ANGELES did not disclose how it came to the conclusion in the **one-liner letter** stating "inconclusive" without "clear and convincing evidence." DEFENDANT COMMISSION did not provide any evidence that they had conducted any kind of investigation;

88. DEFENDANT SUPERIOR COURT- LOS ANGELES failed to disclose what kind of investigation, if any, that they allege they had conducted;

89. That as a result of DEFENDANT SUPERIOR COURT- LOS ANGELES' failure and breach, PLAINTIFF RESHMA KAMATH was harmed; and,

90. That DEFENDANT SUPERIOR COURT- LOS ANGELES' failure to properly investigate the claim/complaint was a substantial factor in causing PLAINTIFF RESHMA KAMATH's harm;

91. That DEFENDANT SUPERIOR COURT- LOS ANGELES' failure to properly investigate the claim/complaint was an actual and/or proximate cause in causing PLAINTIFF RESHMA KAMATH's harm.

92. That DEFENDANT SUPERIOR COURT- LOS ANGELES' failure to properly investigate the claim/complaint was an actual and/or proximate cause in causing PLAINTIFF RESHMA KAMATH's harm that was monetary, non-monetary, and/or punitive.

93. That DEFENDANT SUPERIOR COURT- LOS ANGELES' failure to properly investigate the claim/complaint was an actual and/or proximate cause in causing PLAINTIFF RESHMA KAMATH's harm that included but not limited to physical danger, reputational monetary loss, and/or reputational non-monetary loss.

94. DEFENDANTS have demonstrated *anti-Hindu, anti-Indian* sentiments in their conduct, statements, actions, delegations, and lack thereof/omissions. This goes into the actions of those DEFENDANTS supervise and oversee. DEFENDANTS maybe agents of their principals, and such actions/omissions impute to those

principals.

95. DEFENDANTS SCHULTZ improperly personally served a different Indian-American/Hindu-American family/woman who has the same name as PLAINTIFF RESHMA KAMATH.

96. Thereafter, PLAINTIFF RESHMA KAMATH was contacted by that other Indian-American/Hindu-American woman's spouse who has the same name as PLAINTIFF RESHMA KAMATH.

97. DEFENDANT SCHULTZ has tarnished PLAINTIFF RESHMA KAMATH's reputation personally and professionally.

98. DEFENDANT SCHULTZ has not even proven his improper order of contempt.

99. The process-server/Sheriff was working under the direct supervision and instruction of DEFENDANT SCHULTZ and DEFENDANT SUPERIOR COURT – LOS ANGELES.

100. When investigating PLAINTIFF RESHMA KAMATH's claim, DEFENDANT SUPERIOR COURT- LOS ANGELES had a duty to diligently search for and consider evidence that supported and/or negated of the complaint/claim causing the loss.

**DEFENDANT COUNCIL'S GROSS NEGLIGENCE**

101. PLAINTIFF RESHMA KAMATH claims that DEFENDANT COUNCIL acted unreasonably, that is, without proper cause, by failing to conduct a proper

investigation of PLAINTIFF RESHMA KAMATH's claim/complaint.

102.     To establish this claim, PLAINTIFF RESHMA KAMATH is able to prove all of the following:

103.     That PLAINTIFF RESHMA KAMATH was discriminated against and suffered a loss;

104.     That PLAINTIFF RESHMA KAMATH properly presented a claim/complaint to DEFENDANT COUNCIL to be investigated;

105.     That DEFENDANT COUNCIL had a duty to PLAINTIFF RESHMA KAMATH, and that DEFENDANT COMMISSION breached that duty in that DEFENDANT COUNCIL;

106.     That DEFENDANT COUNCIL, failed to conduct a full, fair, prompt, and thorough investigation of any and all of the bases of PLAINTIFF RESHMA KAMATH's claim/complaint;

107.     DEFENDANT COUNCIL breached that duty, because DEFENDANT COMMISSION failed to conduct a full, fair, prompt, and thorough investigation of any and all of the bases of PLAINTIFF RESHMA KAMATH's claim/complaint;

108.     DEFENDANT COUNCIL has failed to properly investigate matters reported them mailing a **one-liner letter** stating "inconclusive" without "clear and convincing evidence."

109.     DEFENDANT COUNCIL did not provide any evidence that they had conducted any kind of investigation;

110.     DEFENDANT COUNCIL did not disclose how it came to the conclusion in the **one-liner letter** stating "inconclusive" without "clear and convincing evidence." DEFENDANT COUNCIL did not provide any evidence that they had conducted any kind of investigation;

111.     DEFENDANT COUNCIL failed to disclose what kind of investigation, if any, that they allege they had conducted;

112.     That as a result of DEFENDANT COUNCIL's failure and breach, PLAINTIFF RESHMA KAMATH was harmed; and,

113.     That DEFENDANT COMMISSION's failure to properly investigate the claim/complaint was a substantial factor in causing PLAINTIFF RESHMA KAMATH's harm;

114.     That DEFENDANT COUNCIL's failure to properly investigate the claim/complaint was an actual and/or proximate cause in causing PLAINTIFF RESHMA KAMATH's harm.

115.     That DEFENDANT COUNCIL's failure to properly investigate the claim/complaint was an actual and/or proximate cause in causing PLAINTIFF RESHMA KAMATH's harm that was monetary, non-monetary, and/or punitive.

116.     That DEFENDANT COUNCIL's failure to properly investigate the

claim/complaint was an actual and/or proximate cause in causing PLAINTIFF

RESHMA KAMATH's harm that included but not limited to physical danger,

reputational monetary loss, and/or reputational non-monetary loss.

117.    When   investigating   PLAINTIFF   RESHMA   KAMATH's   claim,

DEFENDANT COUNCIL's had a duty to diligently search for and consider

evidence that supported and/or negated of the complaint/claim causing the loss

118.    PLAINTIFF RESHMA KAMATH states there is no absolute immunity,

against   DEFENDANT   COUNCIL   and/or   no   litigation   privilege   against

DEFENDANT COUNCIL when the matters goes into perceived *quasi*-criminal,

and /or perceived contemptuous conduct.

119.    Each DEFENDANTS' conduct is an extreme departure from what a

reasonably careful person would do in the same situation to prevent harm to oneself

or to others.

120.    PLAINTIFF RESHMA KAMATH claims damages as stated in the prayer

for relief.

## SECOND CAUSE OF ACTION

### II.    *NEGLIGENT HIRING, SUPERVISION AND RETENTION*

## [DEFENDANT SUPERIOR COURT LOS ANGELES, AND DOES 1-10

## INCLUSIVE]

121.    PLAINTIFF RESHMA KAMATH hereby pleads, complains, alleges and

incorporates via reference each and every allegation stated in the preceding paragraphs as if set forth fully herein.

122.    PLAINTIFF RESHMA KAMATH states that DEFENDANT SUPERIOR COURT LOS ANGELES hires, supervises and/or retains negligent incompetent staff in its administration, civil appeals unit, and/or as court clerks.

123.    PLAINTIFF RESHMA KAMATH states that DEFENDANT SUPERIOR COURT LOS ANGELES negligently hires, supervises and/or retains court clerks who're non-lawyers, non-college graduates, non-Juris Doctor degree holders, non-licensed, and/or under-trained, performing legal roles where legal advice is provided.

124.    PLAINTIFF RESHMA KAMATH states that DEFENDANT SUPERIOR COURT LOS ANGELES *knows and should have known* that it had negligently hired, supervised and/or retained incompetent court clerks who're non-lawyers, non-college graduates, non-Juris Doctor degree holders, non-licensed, and/or under-trained, performing legal roles where legal advice is provided.

125.    As a result of DEFENDANT SUPERIOR COURT LOS ANGELES' hiring, supervision and/or retention of incompetent court clerks who're non-lawyers, non-college graduates, non-Juris Doctor degree holders, non-licensed, and/or under-trained, PLAINTIFF RESHMA KAMATH states that she has suffered a loss.

126.    As a result of DEFENDANT SUPERIOR COURT LOS ANGELES' hiring,

supervision, and/or retention, PLAINTIFF RESHMA KAMATH purports that she has suffered a monetary, non-monetary, and/or punitive loss.

127.    PLAINTIFF RESHMA KAMATH alleges that - DEFENDANT SUPERIOR COURT LOS ANGELES' negligent hiring, supervision, and/or retention of incompetent court clerks who're non-lawyers, non-college graduates, non-Juris Doctor degree holders, non-licensed, and/or under-trained, performing legal roles where legal advice is provided  -  is a substantial factor, and actual, and/or proximate cause of PLAINTIFF's harm.

128.    Such negligent hiring, supervision, and/or retention has caused, and/or is causing a particular risk to PLAINTIFF.

129.    When investigating PLAINTIFF RESHMA KAMATH's claim, DEFENDANT COMMISSION had a duty to diligently search for and consider evidence that supported and/or negated the complaint/claim causing the loss.

130.    DEFENDANTS have demonstrated *anti-Hindu, anti-Indian* sentiments in their conduct, statements, actions, delegations, and lack thereof/omissions. This goes into the actions of those DEFENDANTS supervise and oversee. DEFENDANTS maybe agents of their principals, and such actions/omissions impute to those principals.

131.    DEFENDANTS SCHULTZ improperly personally served a different Indian-American/Hindu-American family/woman who has the same name as

PLAINTIFF RESHMA KAMATH.

132.    Thereafter, PLAINTIFF RESHMA KAMATH was contacted by that other Indian-American/Hindu-American woman's spouse who has the same name as PLAINTIFF RESHMA KAMATH.

133.    DEFENDANT SCHULTZ has tarnished PLAINTIFF RESHMA KAMATH's reputation personally and professionally.

134.    DEFENDANT SCHULTZ has not even proven his improper order of contempt.

135.    The incompetent process-server/Sheriff was working under the direct supervision and instruction of DEFENDANT SCHULTZ and DEFENDANT SUPERIOR COURT – LOS ANGELES.

136.    DEFENDANT SCHULTZ and DEFENDANT SUPERIOR COURT – LOS ANGELES knew and/or should have known that the address was incorrect; and that the incompetent process-server/Sheriff had an incorrect address and wrong person.

137.    Such actions [and omissions in finding PLAINTIFF RESHMA KAMATH's correct address] of improper service/incorrect person/incorrect address caused harm and a particular risk to PLAINTIFF RESHMA KAMATH.

138.    PLAINTIFF RESHMA KAMATH states there is no absolute immunity for DEFENDANT SUPERIOR COURT LOS ANGELES and/or no litigation

privilege DEFENDANT SUPERIOR COURT LOS ANGELES when the matters goes into/leads/causes perceived *quasi*-criminal, and /or perceived contemptuous conduct.

139.     PLAINTIFF RESHMA KAMATH claims damages as stated in the prayer for relief.

### THIRD CAUSE OF ACTION

### III.     42 U.S.C 1983 VIOLATION

### DUE PROCESS & EQUAL PROTECTION CLAUSES

### [DEFENDANTS WILLIAM STEWART, MICHAEL SCHULTZ, COUNCIL, COMMISSION, SUPERIOR COURT – LOS ANGELES, SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME, DANIEL MEDIONI; AND DOES 1-10 INCLUSIVE]

140.     PLAINTIFF RESHMA KAMATH hereby pleads, complains, alleges and incorporates via reference each and every allegation stated in the preceding paragraphs as if set forth fully herein.

*141*.     Based on from DEFENDANTS' discrimination, PLAINTIFF RESHMA KAMATH was *treated differently than similarly-situated lawyers*; *such as those in her protected class of women lawyers; and/or, those in her protected class of sole-female practitioners; and/or, those in her protected class of sole-female practitioners of Indian/Indian-American/Hindu-American lawyers.*

142.     Based on the DEFENDANTS' discrimination of PLAINTIFF'S ethnicity, race, gender, age, perceived culture, perceived religion, and/or immigration status, PLAINTIFF RESHMA KAMATH is a victim of *de facto* and *de jure* discrimination from DEFENDANTS based on ethnicity, race, gender, age, perceived culture, perceived religion, and/or immigration status.

143.     Based on the DEFENDANTS' discrimination of PLAINTIFF'S ethnicity, race, gender, age, perceived culture, perceived religion, and/or immigration status, DEFENDANTS have demonstrated intent-based discrimination against PLAINTIFF RESHMA KAMATH.

144.     Based on the DEFENDANTS' discrimination of PLAINTIFF'S ethnicity, race, gender, age, perceived culture, perceived religion, and/or immigration status, DEFENDANTS have demonstrated conduct-based discrimination against PLAINTIFF RESHMA KAMATH.

145.     Based on the DEFENDANTS' discrimination of PLAINTIFF'S ethnicity, race, gender, age, perceived culture, perceived religion, and/or immigration status, DEFENDANTS have demonstrated discrimination against PLAINTIFF RESHMA KAMATH that maybe unintentional, but its effect is discriminatory.

146.     Based on the DEFENDANTS' discrimination of PLAINTIFF's ethnicity, race, gender, age, defendants' perceived culture, defendants' perceived religion, and/or immigration status, DEFENDANTS have demonstrated discrimination

against PLAINTIFF RESHMA KAMATH in violation of the due process, and/or equal protection clauses of the Fourteenth Amendment of the United States under 42 U.S.C. section 1983.

147.    DEFENDANTS SCHULTZ and STEWART failed to provide due process - notice and an opportunity to be heard - to PLAINTFF when they each cited RESHMA KAMATH with DEFENDANTS SCHULTZ and STEWART's perception of contemptuous conduct.

148.    DEFENDANTS have demonstrated *anti-Hindu, anti-Indian* sentiments in their conduct, statements, actions, delegations, and lack thereof/omissions. This goes into the actions of those DEFENDANTS supervise and oversee. DEFENDANTS maybe agents of their principals, and such actions/omissions impute to those principals.

149.    DEFENDANTS SCHULTZ improperly personally served a different Indian-American/Hindu-American family/woman who has the same name as PLAINTIFF RESHMA KAMATH.

150.    Thereafter, PLAINTIFF RESHMA KAMATH was contacted by that other Indian-American/Hindu-American woman's spouse who has the same name as PLAINTIFF RESHMA KAMATH.

151.    DEFENDANT SCHULTZ has tarnished PLAINTIFF RESHMA KAMATH's reputation personally and professionally.

152.   DEFENDANT SCHULTZ has not even proven his improper order of contempt.

153.   The process-server/Sheriff was working under the direct supervision and instruction of DEFENDANT SCHULTZ and DEFENDANT SUPERIOR COURT – LOS ANGELES.

154.   DEFENDANTS SCHULTZ improperly personally served a different Indian-American/Hindu-American family/woman who has the same name as PLAINTIFF RESHMA KAMATH.

155.   Thereafter, PLAINTIFF RESHMA KAMATH was contacted by that other Indian-American/Hindu-American woman's spouse who has the same name as PLAINTIFF RESHMA KAMATH.

156.   DEFENDANT SCHULTZ has tarnished PLAINTIFF RESHMA KAMATH's reputation personally and professionally.

157.   DEFENDANT SCHULTZ has not even proven his improper order of contempt.

158.   The incompetent process-server/Sheriff was working under the direct supervision and instruction of DEFENDANT SCHULTZ and DEFENDANT SUPERIOR COURT – LOS ANGELES.

159.   DEFENDANT SCHULTZ and DEFENDANT SUPERIOR COURT – LOS ANGELES knew and/or should have known that the address was incorrect; and

that the incompetent process-server/Sheriff had an incorrect address and wrong person.

160.     Such actions [and omissions in finding PLAINTIFF RESHMA KAMATH's correct address] of improper service/incorrect person/incorrect address caused harm and a particular risk to PLAINTIFF RESHMA KAMATH.

**161.     PLAINTIFF RESHMA KAMATH states there is no absolute immunity for *ultra vires* conduct, and/or no litigation privilege when the matters goes into/leads/causes defendants' perceived *quasi*-criminal, and /or perceived contemptuous conduct.**

*162.*     PLAINTIFF RESHMA KAMATH requests damages as stated in the prayer for relief.

**FOURTH CAUSE OF ACTION**

**IV.   *FAILURE TO PREVENT HARASSMENT, DISCRIMINATION, AND/OR RETALIATION***

**[DEFENDANTS COMMISSION, COUNCIL, SUPERIOR COURT – LOS ANGELES; AND DOES 1-10 INCLUSIVE]**

163.     PLAINTIFF RESHMA KAMATH hereby pleads, complains, alleges and incorporates via reference each and every allegation stated in the preceding paragraphs as if set forth fully herein.

164.     PLAINTIFF RESHMA KAMATH claims that DEFENDANT SUPERIOR COURT, LOS ANGELES failed to take all reasonable steps to prevent harassment/discrimination/retaliation based on described protected status—e.g., race, gender, and/or age.

165.     To establish this claim, PLAINTIFF RESHMA KAMATH is able to prove all of the following:

166.     That PLAINTIFF RESHMA KAMATH had appeared virtually and/or in person at the premises of DEFENDANT SUPERIOR COURT, LOS ANGELES;

167.     That PLAINTIFF RESHMA KAMATH was subjected to harassment/discrimination/retaliation in the course of PLAINTIFF RESHMA KAMATH's work as a lawyer prosecuting /defending a case for her clients;

168.     That DEFENDANT SUPERIOR COURT, LOS ANGELES failed to take all reasonable steps to prevent the harassment/discrimination/retaliation;

169.     That PLAINTIFF RESHMA KAMATH was harmed;

170.      That PLAINTIFF RESHMA KAMATH was harmed because of her race and gender in causing her physical danger, deteriorating her safety and security, and without any basis causing her to face trauma/stress for falsely deeming her advocacy over a remote audio appearance as *quasi*-criminal conduct; and,

171.     That DEFENDANT SUPERIOR COURT, LOS ANGELES' failure to take all reasonable steps to prevent harassment/discrimination/retaliation was a

substantial factor in causing PLAINTIFF RESHMA KAMATH's harm.

172.     **PLAINTIFF RESHMA KAMATH states there is no absolute immunity for *ultra vires* conduct, and/or no litigation privilege when the matters goes into/leads/causes defendants' perceived *quasi*-criminal, and /or perceived contemptuous conduct.**

173.     PLAINTIFF RESHMA KAMATH requests damages as stated in the prayer for relief.

### *FIFTH CAUSE OF ACTION*

### *V.     JUDICIAL WILFUL MISCONDUCT*

### *[AGAINST DEFENDANTS STEWART, SCHULTZ, AND DOES 1-10, INCLUSIVE]*

174.     PLAINTIFF RESHMA KAMATH hereby pleads, complains, alleges and incorporates via reference each and every allegation stated in the preceding paragraphs as if set forth fully herein.

175.     In Dodds v. Commission on Judicial Performance, 12 Cal.4th 163, 48 Cal.Rptr.2d 106, 906 P.2d 1260 (1995), the court held that to commit willful misconduct in office, a judge must engage in conduct that is unjudicial and committed in bad faith while acting in a judicial capacity.

176.     A finding of willful misconduct in office requires that the misconduct occur while the judge is acting in a judicial capacity. A judge is acting in a judicial

capacity while performing one of the functions, whether adjudicative or administrative in nature, that are associated with the position of a judge or when the judge uses or attempts to use the authority of the judicial office for an improper purpose. (Dodds v. Commission on Judicial Performance, supra, 12 Cal.4th at p. 172; see Kennick v. Commission on Judicial Performance, 50 Cal.3d at p. 319.

177.    In summary, a judge who commits legal error which, in addition, clearly and convincingly reflects bad faith (Broadman v. Commission on Judicial Performance, supra, 18 Cal.4th 1079, 1091-1092), bias (Kennick v. Commission on Judicial Performance (1990) 50 Cal.3d 297, 327-331 [267 Cal.Rptr. 293, 787 P.2d 591, 87 A.L.R.4th 679]), abuse of authority (Spruance v. Commission on Judicial Qualifications (1975) 13 Cal.3d 778, 786-795 [119 Cal.Rptr. 841, 532 P.2d 1209]), disregard for fundamental rights (Kloepfer v. Commission on Judicial Performance, 49 Cal.3d 826, 849-854), intentional disregard of the law (Cannon v. Commission on Judicial Qualifications, 14 Cal.3d 678, 695-698), or any purpose other than the faithful discharge of judicial duty (Ryan v. Commission on Judicial Performance (1988) 45 Cal.3d 518, 545-546 [247 Cal.Rptr. 378, 754 P.2d 724, 76 A.L.R.4th 951]), is subject to investigation. See generally, Shaman et al., Judicial Conduct and Ethics, § 2.02, pp. 32-37.

178.    The court must independently review the findings of the Commission to ensure that there is clear and convincing evidence to sustain the charge to a

reasonable certainty. (Gonzalez v. Commission on Judicial Performance (1983) 33 Cal.3d 359, 365 [ 188 Cal.Rptr. 880, 657 P.2d 372]; Geiler v. Commission on Judicial Qualifications (1973) 10 Cal.3d 270, 275 [ 110 Cal.Rptr. 201, 515 P.2d 1].) In doing so, the court must give special weight to the factual determinations of the masters, who are best able to evaluate the truthfulness of the witnesses appearing before them. (Gubler v. Commission on Judicial Performance (1984) 37 Cal.3d 27, 34 [ 207 Cal. Rptr. 171, 688 P.2d 551]; Wenger, 29 Cal.3d at p. 623.) At the same time, the court must accord great weight to the legal conclusions of the Commission. Wenger, 29 Cal.3d at p. 623

## **DEFENDANT SCHULT'S WILFUL MISCONDUCT**

179.    DEFENDANT SCHULTZ made **false statement(s)** including but not limited to the court clerk(s), the strangers to the action, the opposing attorney, the administration of the DEFENDANT SUPERIOR COURT, the process server, such as:

a.  That PLAINTIFF RESHMA KAMATH lives in Cupertino, CA;

b.  That PLAINTIFF RESHMA KAMATH has a husband and a child;

c.  That PLAINTIFF RESHMA KAMATH was personally served with DEFENDANT's order;

d.  That PLAINTIFF RESHMA KAMATH did not appear for a hearing when PLAINTIFF RESHMA KAMATH was properly substituted out of the

matter;

    e.   That PLAINTIFF RESHMA KAMATH did not obtain client consent;

    f.   That PLAINTIFF RESHMA KAMATH committed forgery of client's signature;

    g.   That PLAINTIFF RESHMA KAMATH had committed any contemptuous conduct;

    h.   That PLAINTIFF RESHMA KAMATH had committed a crime; and/or,

    i.   That PLAINTIFF RESHMA KAMATH is somehow superior and special because of her caste.

180.    None of the afore-stated statements are true.

181.    PLAINTIFF RESHMA KAMATH requests damages as stated in the prayer for relief.

**DEFENDANT STEWART'S WILFUL MISCONDUCT**

182.    In the year 2021, it is undisputed that DEFENDANT STEWART said, "SHUT UP SHUT YOUR MOUTH" "SHUT UP SHUT YOUR MOUTH" to PLAINTIFF RESHMA KAMATH.

183.    DEFENDANT STEWART and his DEFENDANT COUNCIL attorney admit under oath to DEFENDANT STEWART saying," SHUT UP".

184.    DEFENDANT STEWART remains silent, and does not deny saying, "SHUT UP SHUT YOUR MOUTH" to PLAINTIFF RESHMA KAMATH.

185.     DEFENDANT STEWART's omission is acquiescence.

186.      In the year 2021, it is undisputed that DEFENDANT STEWART put PLAINTIFF RESHMA KAMATH's life and security in physical danger, because of DEFENDANT STEWART's recalcitrance that PLAINTIFF RESHMA KAMATH must appear in-person from Arizona to Los Angeles to "apologize" to him in-person.

187.      In the year 2021, it is undisputed that DEFENDANT STEWART put PLAINTIFF RESHMA KAMATH's life and security in physical danger, because PLAINTIFF RESHMA KAMATH had to take an overnight AMTRAK – and because that AMTRAK got canceled at 9 P.M. from Yuma, Arizona, PLAINTFF RESHMA KAMATH had to literally hitchhike from an opportune Uber driver and his friend [complete strangers to PLAINTIFF], all-night sleeping in their SUV backseat and paying them over $600.

188.     DEFENDANT STEWART's sexually-provocative, pornographic-like words, such as "SHUT YOUR MOUTH" repeatedly toward PLAINTIFF RESHMA KAMATH are unacceptable. DEFENDANT STEWART lack of denial under oath of "SHUT YOUR MOUTH"; and the DEFENDANT COUNCIL's attorney's admission under oath that DEFENDANT STEWART's "SHUT UP" was made toward PLAINTIFF RESHMA KAMATH.

189.     DEFENDANT STEWART's Taliban-style judiciousness and his treatment

of women of color who're educated and intelligent when they appear as sole-practitioners, depict that of the White, Male Homogenous culture prevalent in the United States, i.e., as lesser, more masculine, more greedy, angrier with rage, more young/youthful [dumb], egotistical/hubris, and to demean them as DEFENDANT STEWART did toward PLAINTIFF RESHMA KAMATH is unacceptable.

190.     DEFENDANT STEWART is part of that White Male Homogenous culture that even people/judges of color have given into.

191.     DEFENDANT STEWART put PLAINTIFF RESHMA KAMATH under duress of an arrest warrant and discriminatory treatment, while demanding only an in-person appearance from Yuma Arizona to Burbank, California; and then an unconditional apology from her.

192.     In the year 2021, DEFENDANT STEWART put PLAINTIFF RESHMA KAMATH's life, safety and security in danger.

193.     Never in any country and in any other professional/academic setting has anyone, whether man and/or woman, made such demeaning statements to PLAINTIFF RESHMA KAMATH.

194.     PLAINTIFF RESHMA KAMATH alleges that DEFENDANT STEWART's racial and gender discrimination is not protected under his ministerial duties, does not have absolute immunity, and is purely *ultra vires* conduct.

195.     PLAINTIFF RESHMA KAMATH requests damages as stated in the prayer for relief.

196.     Neither are these guys father-figures, and/or like any kind of grand-father/parental figures. They're abusive men sitting on the bench abusing intelligent women in power.

**197.     PLAINTIFF RESHMA KAMATH states there is no absolute immunity for *ultra vires* conduct of racism/gender discrimination, and/or no litigation privilege when the matter goes into/leads/causes DEFENDANTS' perceived *quasi*-criminal, and /or perceived contemptuous conduct.**

198.     PLAINTIFF RESHMA KAMATH requests damages as stated in the prayer for relief.

## SIXTH CAUSE OF ACTION

## VI.     DEFAMATION *PER SE* – LIBEL

## [DEFENDANTS WILLIAM STEWART, MICHAEL SCHULTZ, SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME, DANIEL MEDIONI; AND DOES 1-10 INCLUSIVE]

199.     PLAINTIFF RESHMA KAMATH hereby pleads, complains, alleges and incorporates via reference each and every allegation stated in the preceding paragraphs as if set forth fully herein.

200.     DEFENDANT SCHULTZ harmed PLAINTIFF RESHMA KAMATH in

making one or more of the **false statement(s)** including but not limited to the court clerk(s), the strangers to the action, the opposing attorney, the administration of the DEFENDANT SUPERIOR COURT, the process server, such as:

a. That PLAINTIFF RESHMA KAMATH lives in Cupertino, CA;

b. That PLAINTIFF RESHMA KAMATH has a husband and a child;

c. That PLAINTIFF RESHMA KAMATH was personally served with DEFENDANT's order;

d. That PLAINTIFF RESHMA KAMATH did not appear for a hearing when PLAINTIFF RESHMA KAMATH was properly substituted out of the matter that the court had accepted;

e. That PLAINTIFF RESHMA KAMATH did not obtain client consent;

f. That PLAINTIFF RESHMA KAMATH committed forgery of client's signature;

g. That PLAINTIFF RESHMA KAMATH had committed any contemptuous conduct;

h. That PLAINTIFF RESHMA KAMATH had committed a crime; and/or,

i. That PLAINTIFF RESHMA KAMATH is somehow superior and special because of her caste.

201.    **None** of the afore-stated statements about PLAINTIFF RESHMA KAMATH were true. Other than this, DEFENDANT SCHULTZ made comments

that should we have our hearings in Hindi now, and that there are now foreign attorneys.

202.     To establish this claim, PLAINTIFF RESHMA KAMATH is able to prove all of the below statements:

1. That DEFENDANT SCHULTZ made one and/or more of the statement(s)to persons other than PLAINTIFF RESHMA KAMATH;

2. That this person/these people reasonably understood that the statement(s) was/were about PLAINTIFF RESHMA KAMATH;

3. That this person/these people reasonably understood the statement(s) to mean that afore-stated false statements were for defamation *per se*;

4. That DEFENDANT SCHULTZ failed to use reasonable care to determine the truth or falsity of the statement(s).

## DEFENDANT STEWART's DEFAMATION *PER SE* ABOUT RESHMA KAMATH

203.     To establish this claim, PLAINTIFF RESHMA KAMATH is able to prove all of the below statements:

1. That DEFENDANT STEWART made one and/or more of the statement(s)to persons other than PLAINTIFF RESHMA KAMATH;

2. That this person/these people reasonably understood that the statement(s) was/were about PLAINTIFF RESHMA KAMATH;

3. That this person/these people reasonably understood the statement(s) to mean that afore-stated false statements were for defamation *per se*;

4. That DEFENDANT STEWART failed to use reasonable care to determine the truth or falsity of the statement(s);

5. That PLAINTIFF RESHMA KAMATH suffered harm as a result to business and profession including money spent; and,

6. That statements were substantial factor in causing PLAINTIFF's harm to business/profession/occupation; harm to reputation; expenses; shame; mortification; and/or hurt feelings.

## DEFENDANTS LAMM, ORTIZ, and DE LORME'S DEFAMATION *PER SE* ABOUT RESHMA KAMATH

204. To establish this claim, PLAINTIFF RESHMA KAMATH is able to prove all of the below statements:

1. That DEFENDANTS LAMM, ORTIZ, and DE LORME made one and/or more of the statement(s)to persons other than PLAINTIFF RESHMA KAMATH;

2. That this person/these people reasonably understood that the statement(s) was/were about PLAINTIFF RESHMA KAMATH;

3. That this person/these people reasonably understood the statement(s) to mean that afore-stated false statements were for defamation *per quod*;

4. That DEFENDANTS LAMM, ORTIZ, and DE LORME failed to use reasonable

care to determine the truth or falsity of the statement(s);

5. That PLAINTIFF RESHMA KAMATH suffered harm as a result to business and profession including money spent; and,

6. That statements were substantial factor in causing PLAINTIFF's harm to business/profession/occupation; harm to reputation; expenses; shame; mortification; and/or hurt feelings.

**205.      PLAINTIFF RESHMA KAMATH states there is no absolute immunity for *ultra vires* conduct, and/or no litigation privilege when the matters goes into/leads/causes defendants' perceived *quasi*-criminal, and /or perceived contemptuous conduct.**

**206.      Defamation that is racially/ethnically motivated no matter how reasonably related to litigation and in anticipation of litigation is condemned under the law.**

207.      PLAINTIFF RESHMA KAMATH requests damages as stated in the prayer for relief.

<u>**SEVENTH CAUSE OF ACTION**</u>

**VI.    DEFAMATION *PER QUOD*  – LIBEL**

**<u>[DEFENDANTS WILLIAM STEWART, MICHAEL SCHULTZ, SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME, DANIEL MEDIONI; AND DOES 1-10 INCLUSIVE]</u>**

208.    PLAINTIFF RESHMA KAMATH hereby pleads, complains, alleges and incorporates via reference each and every allegation stated in the preceding paragraphs as if set forth fully herein.

## DEFENDANT SCHULTZ'S DEFAMATION *PER QUOD* ABOUT RESHMA KAMATH

209.    DEFENDANT SCHULTZ harmed PLAINTIFF RESHMA KAMATH in making one or more of the **false statement(s)** including but not limited to the court clerk(s), the strangers to the action, the opposing attorney, the administration of the DEFENDANT SUPERIOR COURT, the process server, such as:

   a.  That PLAINTIFF RESHMA KAMATH lives in Cupertino, CA;

   b.  That PLAINTIFF RESHMA KAMATH has a husband and a child;

   c.  That PLAINTIFF RESHMA KAMATH was personally served with DEFENDANT's order;

   d.  That PLAINTIFF RESHMA KAMATH did not appear for a hearing when PLAINTIFF RESHMA KAMATH was properly substituted out of the matter;

   e.  That PLAINTIFF RESHMA KAMATH did not obtain client consent;

   f.  That PLAINTIFF RESHMA KAMATH committed forgery of client's signature;

   g.  That PLAINTIFF RESHMA KAMATH had committed any contemptuous

conduct; and/or,

    h.  That PLAINTIFF RESHMA KAMATH had committed a crime.

210.  **None** of the afore-stated statements about PLAINTIFF RESHMA KAMATH were true. Other than this, DEFENDANT SCHULTZ made comments that should we have our hearings in Hindi now, and that there are now foreign attorneys.

211.  To establish this claim, PLAINTIFF RESHMA KAMATH is able to prove all of the below statements:

1. That DEFENDANT SCHULTZ made one and/or more of the statement(s)to persons other than PLAINTIFF RESHMA KAMATH;

2. That this person/these people reasonably understood that the statement(s) was/were about PLAINTIFF RESHMA KAMATH;

3. That this person/these people reasonably understood the statement(s) to mean that afore-stated false statements were for defamation *per se*;

4. That DEFENDANT SCHULTZ failed to use reasonable care to determine the truth or falsity of the statement(s);

5. That PLAINTIFF RESHMA KAMATH suffered harm as a result to business and profession including money spent; and,

6. That statements were substantial factor in causing PLAINTIFF's harm to business/profession/occupation;   harm   to   reputation;   expenses;   shame;

mortification; and/or hurt feelings.

## DEFENDANT STEWART'S DEFAMATION *PER QUOD* ABOUT RESHMA KAMATH

212.     To establish this claim, PLAINTIFF RESHMA KAMATH is able to prove all of the below statements:

1. That DEFENDANT STEWART made one and/or more of the statement(s)to persons other than PLAINTIFF RESHMA KAMATH;

2. That this person/these people reasonably understood that the statement(s) was/were about PLAINTIFF RESHMA KAMATH;

3. That this person/these people reasonably understood the statement(s) to mean that afore-stated false statements were for defamation *per se*;

4. That DEFENDANT STEWART failed to use reasonable care to determine the truth or falsity of the statement(s);

5. That PLAINTIFF RESHMA KAMATH suffered harm as a result to business and profession including money spent; and,

6. That statements were substantial factor in causing PLAINTIFF's harm to business/profession/occupation;   harm   to   reputation;   expenses;   shame; mortification; and/or hurt feelings.

///

///

## **DEFENDANTS LAMM, ORTIZ, and DE LORME'S DEFAMATION *PER QUOD* ABOUT RESHMA KAMATH**

213.     To establish this claim, PLAINTIFF RESHMA KAMATH is able to prove all of the below statements:

1. That DEFENDANTS LAMM, ORTIZ, and DE LORME made one and/or more of the statement(s)to persons other than PLAINTIFF RESHMA KAMATH;

2. That this person/these people reasonably understood that the statement(s) was/were about PLAINTIFF RESHMA KAMATH;

3. That this person/these people reasonably understood the statement(s) to mean that afore-stated false statements were for defamation *per quod*;

4. That DEFENDANTS LAMM, ORTIZ, and DE LORME failed to use reasonable care to determine the truth or falsity of the statement(s);

5. That PLAINTIFF RESHMA KAMATH suffered harm as a result to business and profession including money spent; and,

6. That statements were substantial factor in causing PLAINTIFF's harm to business/profession/occupation; harm to reputation; expenses; shame; mortification; and/or hurt feelings.

**214.     PLAINTIFF RESHMA KAMATH states there is no absolute immunity for *ultra vires* conduct, and/or no litigation privilege when the matters goes into/leads/causes defendants' perceived *quasi*-criminal, and /or perceived**

**contemptuous conduct.**

**215.     Defamation that is racially/ethnically motivated no matter how reasonably related to litigation and in anticipation of litigation is condemned under the law.**

216.     PLAINTIFF RESHMA KAMATH requests damages as stated in the prayer for relief.

## EIGHTH CAUSE OF ACTION

## VIII.  *FALSE LIGHT*

## [DEFENDANTS WILLIAM STEWART, MICHAEL SCHULTZ, SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME, DANIEL MEDIONI; AND DOES 1-10 INCLUSIVE]

217.     PLAINTIFF RESHMA KAMATH hereby pleads, complains, alleges and incorporates via reference each and every allegation stated in the preceding paragraphs as if set forth fully herein.

218.     PLAINTIFF RESHMA KAMATH claims that DEFENDANT SCHULTZ portrayed PLAINTIFF in a false light.

**219.     PLAINTIFF RESHMA KAMATH states there is no absolute immunity, and/or no litigation privilege for lawyers when the matters goes into/causes/leads to *quasi*-criminal, and /or contemptuous conduct.**

**DEFENDANT DANIEL MEDIONI'S DEPICTION OF RESHMA**

**KAMATH IN FALSE LIGHT**

220.     DEFENDANT DANIEL MEDIONI is not **protected under litigation privilege** when his CIVIL PERJURY statements led to *quasi-* and/or criminal contempt. DEFENDANT SCHULTZ and DEFENDANT MEDIONI had *ex-parte* communications together where they each displayed anti-Hindu, anti-Indian sentiments in court.

**DEFENDANTS SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME'S DEPICTION OF RESHMA KAMATH IN FALSE LIGHT**

221.     DEFENDANTS SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME each are not **protected under litigation privilege** when their CIVIL PERJURIOUS statements led to *quasi-* and/or criminal contempt.

222.     DEFENDANTS SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME each are attorneys who have made false statements under oath, and under penalty of perjury.

223.     PLAINTIFF alleges DEFENDANTS LAMM, ORTIZ and DE LORME each committed CIVIL PERJURY.

224.     PLAINTIFF alleges DEFENDANTS LAMM, ORTIZ and DE LORME each committed CIVIL PERJURY that had variations of false and made-up statements in each of their declarations that PLAINTIFF stated "SHUT UP" when she had not.

225.   PLAINTIFF alleges DEFENDANT LAMM made racially-charged statements/comments in a pleading comparing PLAINTIFF RESHMA KAMATH to an African individual.

226.   PLAINTIFF alleges DEFENDANT LAMM's law firm, RUTAN & TUCKER promoted the filing of the racially-charged statements/comments in a pleading comparing PLAINTIFF RESHMA KAMATH to an African individual.

227.   PLAINTIFF alleges that DEFENDANTS LAMM, ORTIZ and DE LORME's law firms knew of the racially-charged statements/comments in a pleading comparing PLAINTIFF RESHMA KAMATH to an African individual; and promoted such a filing.

228.   To establish this *prima facie* claim, PLAINTIFF RESHMA KAMATH is able to prove all of the following:

1. That DEFENDANTS LAMM, ORTIZ and DE LORME publicly disclosed information or material that showed PLAINTIFF RESHMA KAMATH in a false light;

2. That the false light created by the disclosure would be highly offensive to a reasonable person in PLAINTIFF RESHMA KAMATH'S position;

3. That there is clear and convincing evidence that DEFENDANTS LAMM, ORTIZ and DE LORME knew the disclosure would create a false impression about PLAINTIFF RESHMA KAMATH or acted with reckless

disregard for the truth;] AND/OR,

3. DEFENDANTS LAMM, ORTIZ and DE LORME was negligent in determining the truth of the information or whether a false impression would be created by its disclosure;]

4. That PLAINTIFF RESHMA KAMATH was harmed; AND/OR,

That PLAINTIFF RESHMA KAMATH sustained harm to plaintiff's property, business, profession, or occupation [including money spent as a result of the statement(s)]; AND/OR,

5. That DEFENDANTS LAMM, ORTIZ and DE LORME's conduct was a substantial factor in causing PLAINTIFF RESHMA KAMATH's harm.

**229.     PLAINTIFF RESHMA KAMATH states there is no absolute immunity for *ultra vires* conduct, and/or no litigation privilege when the matters goes into/leads/causes defendants' perceived *quasi*-criminal, and /or perceived contemptuous conduct.**

**230.     False Light that is racially/ethnically motivated no matter how reasonably related to litigation and in anticipation of litigation is condemned under the law.**

*CAL-CRIM PERJURY/PERJURY BY FALSE AFFIDAVIT*

231.     Perjury is only a criminal remedy, California Penal Code §118 PC is a felony offense punishable by up to four years in jail, a fine up to $10,000, and/or, jail time,

up to four years.

232.    PLAINTIFF RESHMA KAMATH will bring a criminal case of perjury against the stated Defendants shortly.

233.    The elements of perjury are: a willful statement, under oath, of any material matter which the witness knows to be false. All elements of the charge of perjury must be determined by the jury, including materiality.

**234.    PLAINTIFF RESHMA KAMATH states there is no absolute immunity, and/or no litigation privilege for lawyers when the matters goes into/causes/leads to *quasi*-criminal, and /or contemptuous conduct.**

**DEFENDANT DANIEL MEDIONI'S PERJURIOUS STATEMENTS**

235.    DEFENDANT DANIEL MEDIONI is not **protected under litigation privilege** when his CIVIL PERJURY statements led to *quasi*- and/or criminal contempt. DEFENDANT SCHULTZ and DEFENDANT MEDIONI had *ex-parte* communications together where they each displayed anti-Hindu, anti-Indian sentiments in court.

**DEFENDANTS SAMANTHA LAMM, TOMAS ORTIZ, LISA DE LORME'S PERJURIOUS STATEMENTS**

**236.    PLAINTIFF RESHMA KAMATH states there is no absolute immunity for *ultra vires* conduct, and/or no litigation privilege when the matters goes into/leads/causes defendants' perceived *quasi*-criminal, and /or perceived**

54

**contemptuous conduct.**

237.    PLAINTIFF RESHMA KAMATH requests damages as stated in the prayer for relief.

## **PRAYER FOR RELIEF**

I.    That the HONORABLE COURT award INJUNCTIVE RELIEF immediately in any and all temporary and permanent injunctive relief against DEFENDANT SCHULTZ;

II.    That the HONORABLE COURT award DECLARATORY RELIEF in the rights and remedies of PLAINTIFF RESHMA KAMATH;

III.    That the HONORABLE COURT award damages in the amount of $100.50 million in damages for EACH AND EVERY CAUSE OF ACTION individually, jointly and severally against each DEFENDANT [according to proof at trial];

IV.    That the HONORABLE COURT award damages in the amount of loss of revenue over $1.90 million in damages and on-going for EACH AND EVERY CAUSE OF ACTION individually, jointly and severally against each DEFENDANT [according to proof at trial];

V.    That the HONORABLE COURT award ACTUAL, GENERAL, SPECIAL, PROXIMATE damages for EACH AND EVERY CAUSE OF ACTION individually against each DEFENDANT [according to proof at trial];

VI.    That the HONORABLE COURT award TREBLE and PUNITIVE damages in the amount of $1.95 million in damages for EACH AND EVERY CAUSE OF ACTION

individually against each DEFENDANT [according to proof at trial];

VII.　　That the HONORABLE COURT award REASONABLE ATTORNEYS' FEES AND COSTS;

VIII. That the HONORABLE COURT award PRE- AND POST-JUDGMENT INTEREST,

IX.　That the HONORABLE COURT award CONSEQUENTIAL, and EXPECTANCY damages in the amount of $1.95 million in damages for EACH AND EVERY CAUSE OF ACTION individually against each DEFENDANT [according to proof at trial];

X.　　That the HONORABLE COURT grant the DEMAND FOR JURY TRIAL on EACH AND EVERY CAUSE OF ACTION.

///

**DATED: October 24, 2023**　　　　**RESHMA KAMATH**

*/s/ Reshma Kamath*

Reshma Kamath,
Plaintiff, *In Propria Persona*