UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-08979 JFW (DTBx) | Date | December 13, 2023 |
|---|---|---|---|
| Title | Reshma Kamath v. The Superior Court of California County of Los Angeles et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendant: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) ORDER RE PLAINTIFF'S REQUEST FOR RE-ASSIGNMENT OF THE CASE FROM THE DISTRICT JUDGE AND THE MAGISTRATE JUDGE (DKT. 24)

**I.   Introduction**

On October 24, 2023, Reshma Kamath ("Kamath" or "Plaintiff"), who is self-represented, brought this action against the Los Angeles County Superior Court, Judge William D. Stewart, Judge Michael Schultz, the Commission on Judicial Performance, the Judicial Council of California, Samantha Lamm, Tomas Ortiz, Lisa de Lorme, Daniel Medioni and Does 1-10 (collectively, "Defendants"). Dkt. 1. The action was assigned to Judge John F. Walter and Magistrate Judge David T. Bristow. Dkts. 9, 21.

On December 10, 2023, Plaintiff filed a Request for Re-Assignment of the Case from the District Judge and the Magistrate Judge (the "Motion"). Dkt. 24. Through the Motion, Plaintiff seeks to disqualify both Judge Walter and Judge Bristow from presiding over this action. *Id.* at 2.

The Motion was referred to this Court for determination pursuant to General Order 08-05 and Local Rule 72-5. Dkt. 25. For the reasons stated in this Order, the Motion is **DENIED**.

**II.   Analysis**

   A.   Legal Standards

The standard for disqualification of a bench officer is set forth in 28 U.S.C. §§ 144 and 455. Section 144 provides that a party may, once in any case and "not less than ten days before the beginning of the term at the which the proceeding is to be heard," file an affidavit regarding a judge's bias or prejudice. 28 U.S.C. § 144. Section 455 provides that: "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455.

Under both statutes, the substantive standard that applies to such a challenge is "[w]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *United States v. Hernandez*, 109 F.3d 1450, 1453 (9th Cir. 1997) (quoting *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986)). As a result, "[t]he substantive standard for

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | LA CV23-08979 JFW (DTBx) | Date | December 13, 2023 |
|---|---|---|---|
| Title | Reshma Kamath v. The Superior Court of California County of Los Angeles et al. | | |

recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same." *Id.*; *see also United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012).

    B.    Application

Plaintiff seeks to disqualify Judge Walter and Judge Bristow on the sole ground that both are "presumably White, Male Individuals" and, as a result, are likely to be biased in reviewing the race-and gender-based claims she asserts in this action. *Id.* at 2. Plaintiff argues that, "White, Male judicial officers have historically demonstrated that they cannot remain neutral with immigrants, and women of color" and accordingly contends that she "cannot take a chance" by having Judge Walter and Judge Bristow preside. *Id.*

Plaintiff offers no evidence that Judge Walter or Judge Bristow has ever demonstrated bias or impartiality, and relies solely on her assumptions based on their race and gender. *Id.* However, "gender, race and citizenship are not proper grounds for recusal." *Mehmood v. Sarani*, No. 17-CV-0970-KJM, 2018 WL 1891315, at *2 (E.D. Cal. Apr. 20, 2018); *see also Waters v. Howard Sommers Towing*, No. CV-10-05296-CAS, 2012 WL 13005445, at *3 (C.D. Cal. Jan. 31, 2012). As the Second Circuit has explained:

> Courts have repeatedly held that matters such as race or ethnicity are improper bases for challenging a judge's impartiality. A suggestion that a judge cannot administer the law fairly because of the judge's racial and ethnic heritage is extremely serious and should not be made without a factual foundation going well beyond the judge's membership in a particular racial or ethnic group. Such an accusation is a charge that the judge is racially or ethnically biased and is violating the judge's oath of office.

*MacDraw Inc. v. CIT Group Equip. Fin.*, 138 F.3d 33, 37 (2d Cir. 1998) (internal citations omitted).

Plaintiff's allegations of bias are without any factual basis. Moreover, "Section 455(a) does not require that the court accept all allegations by the moving party as true." *United States v. Bell*, 79 F. Supp. 2d 1169, 1173 (1999) (citing *United States v. Greenough*, 782 F.2d 1556, 1558 (11th Cir. 1986)). Therefore, Plaintiff's conclusory allegations and unsupported speculation fail to establish a reasonable basis on which Judge Walter's or Judge Bristow's "impartiality might reasonably be questioned." *Hernandez*, 109 F.3d at 1453.

**III.**    <u>Conclusion</u>

Motions for disqualification are serious matters that, like all others, warrant careful review. Based on such a review, which is set forth in this Order, the Motion is **DENIED**.

**IT IS SO ORDERED.**

                                                                                    _____ : _____

Initials of Preparer    TJ