**RESHMA KAMATH**
700 El Camino Real, Suite 120, #1084,
Menlo Park, California 94025, United States
Ph.: 650 257 0719, E.: reshmakamath2021@gmail.com
Plaintiff, *In Propria Persona*

**IN AND FOR THE UNITED STATES DISTRICT COURT**
**CENTRAL DIVISION**

| | |
|---|---|
| RESHMA KAMATH, an individual, | CASE NO.: 2:23-cv-8979 |
| Plaintiff, | **PLAINTIFF RESHMA KAMATH'S OBJECTION TO JUDGE JOHN A KRONSTADT'S REASONS FOR DENIAL *RE* REQUEST FOR RE-ASSIGNMENT OF THE CASE FROM THE DISTRICT JUDGE AND THE MAGISTRATE JUDGE; FURTHER OBJECTIONS TO JUDICIAL OFFICERS' MINUTE ORDER OF DECEMBER 13, 2023, AND FURTHER EVIDENCE OF BIAS FROM JUDICIAL OFFICERS COLLECTIVELY** |
| vs. | |
| THE SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES; WILLIAM D. STEWART; MICHAEL SCHULTZ; COMMISSION ON JUDICIAL PERFORMANCE; JUDICIAL COUNCIL OF CALIFORNIA; COUNTY OF LOS ANGELES SHERIFF; SAMANTHA LAMM; TOMAS ORTIZ; LISA DE LORME; DANIEL MEDIONI; WILLIAM JUN; and DOES 1-10, inclusive; | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

*TO THE HONORABLE COURT, ALL PARTIES, AND ATTORNEYS[S] OF RECORD, HEREIN:*

1
REQUEST

# OBJECTIONS TO JUDICIAL OFFICERS' MINUTE ORDER OF DECEMBER 13, 2023, AND FURTHER EVIDENCE OF BIAS FROM JUDICIAL OFFICERS COLLECTIVELY

PLAINTIFF RESHMA KAMATH had requested this HONORABLE COURT to re-assign the matter both from the DISTRICT JUDGE, as well as the MAGISTRATE JUDGE – both presumedly White, Male Individuals.

Such Judges, the trio in this case, who circulate their lengthy Standing Orders, and point to Local Rules, should have the same standard in following codified rules. Illegality is evidenced where judicial officers fail to follow the law. That is beyond an abuse of discretion. That is more than an **appearance of bias**. Most importantly in this case, there was **NO MOTION TO RECUSE under 28 U.S.C. §§ 544 and/or 144**.

Contrary to the law, the questioned judges, DISTRICT JUDGE and MAGISTRATE JUDGE, in this instant case, instead of answering that they could be neutral, fair, and impartial[1] in the above-captioned case, felt the need to bring in a third judge, Judge John A. Kronstadt.

However, the characterization of the third judge, Judge John A. Kronstadt, calling PLAINTIFF RESHMA KAMATH's request a "recusal motion" and then all **three judicial officers together violating** all the case law for recusals is the White,

---

[1] **In sum, "Section 455 requires not only that a judge be subjectively confident of his ability to be evenhanded, but also that an informed, rational, objective observer would not doubt his impartiality."** In re Bernard, 31 F.3d 842, 844 (9th Cir. 1994). **[Emphasis added.]**

Male Bias, and their open lack of adherence to the law. See, *In re Bernard*, 31 F.3d 842 (9th Cir. 1994) holding that responsibility for deciding § 455 recusal motion lies solely with judge to whom motion is directed; As the Ninth Circuit has stated, recusal "is addressed to, and must be decided by, the very judge whose impartiality is being questioned." *Bernard v. Coyne (In re Bernard)*, 31 F.3d 842, 843 (9th Cir. 1994). See also *United States v. Sibla*, 624 F.2d 864, 867-68 (9th Cir. 1980); *United States v. Balistrieri,* 779 F.2d 1191, 1202-03 (7th Cir. 1985) ("Section 455 clearly contemplates that decisions with **respect to disqualification should be made by the judge sitting in the case, and not by another judge**."); *Rodriguez v. Longia* (E.D. Cal., Sep. 8, 2020, 1:19-cv-01714-NONE-EPG (PC) holding that a motion for recusal must be **decided by the very judge** whose impartiality is being questioned; *Nichols v. Tractor Supply Co.* (E.D. Cal., June 14, 2017, 1:16-cv-001768-LJO-EPG) holding that judge may decide § 455 recusal motion directed at that judge; *Poulson v. Budd* (D. Mont., May 5, 2016, CV 14-43-H-DLC-JTJ) concluding that a motion for disqualification under section 455 "is addressed to, and must be decided by, the very judge whose impartiality is being questioned"; *Poulson v. Richter* (D. Mont., Mar. 17, 2016, CV 14-185-M-DLC-JCL) concluding that a motion for disqualification "is addressed to, and must be decided by, the very judge whose impartiality is being questioned"; *Hubbard v. Sheffield* (9th Cir., Oct. 4, 2016, No. 14-35377) concluding that a motion for disqualification "is addressed to, and must be decided by, the very judge whose impartiality is being questioned"; *Rolle v. Litkovitz* (S.D. Ohio, Oct. 25, 2021,

1:21cv552) explaining that a motion to recuse must be decided by the judge whose impartiality is being questioned; *Owens v. Cole* (Fla. 1953) 71 So. 2d 908 explaining that a motion to recuse must be decided by the judge whose impartiality is being questioned; *Kersh v. Soc. Sec. Admin.* (D. Or., July 3, 2013, No. 3:13-cv-00582-SI) resolving a recusal motion is the responsibility of the judge whose role is questioned; *Saunders v. County of Sacramento* (E.D. Cal., Sep. 6, 2011, No. CIV-S-10-2559-GEB-KJN-PS) stating that a motion to disqualify pursuant to 28 U.S.C. § 455 **"is addressed to, and must be decided by, the very judge whose impartiality is being questioned"**; *United States v. Molen* (9th Cir. 2015) 622 F. App'x 652 stating that a motion to disqualify pursuant to 28 U.S.C. § 455 "is addressed to, and must be decided by, the very judge whose impartiality is being questioned"; *Leskinen v. Halsey* (E.D. Cal., May 13, 2011, 2:10-cv-03363 MCE KJN PS) stating that a motion to disqualify pursuant to 28 U.S.C. § 455 "is addressed to, and must be decided by, the very judge whose impartiality is being questioned"; *Wisdom v. Gugino* (9th Cir. 2016) 649 F. App'x 583; *Tudela v. Superior Court* (N. Mar. I. 2010) 8 N. Mar. I. 398 stating that a disqualification motion brought under § 455 "must be decided by, the very judge whose impartiality is being questioned" and noting that "[b]y contrast, **if a party files an affidavit properly alleging prejudice on the part of a district judge under 28 U.S.C. § 144, the judge must turn the matter over to a colleague."** [Emphasis Added.]

**There was <u>no such affidavit from a party</u>. Thus, now it has become clear the District Judge and Magistrate Judge will portray the White, Male Bias, because they cannot even follow the law as judicial officers.**

Further, the Ninth Circuit has held that the "substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: '[W]hether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned.'" *U.S. v. Hernandez*, 109 F.3d 1450, 1453-54 (9th Cir. 1997) (per curiam) (quoting *U.S. v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986). This objective inquiry should be made from the perspective of a reasonable observer who is fully informed "of all the surrounding facts and circumstances." *Microsoft Corp. v. United States*, 530 U.S. 1301, 1302 (2000)

Race is, definitely, a factor in determining characteristics in a court of law. Courts and race are inter-twined.

Entire jury peremptory challenges based on race and gender exist. Entire jury *voir dire* process are based on characteristics of individuals, including their traits based on race, ethnic and socio-economic backgrounds. *Ballard v. United States* (1946) 329 U.S. 187 [91 L.Ed. 181, 67 S.Ct. 261], the court reversed a federal conviction on the ground that women had been deliberately excluded from both grand and petit jury service. In *Peters v. Kiff* (1972) 407 U.S. 493 [33 L.Ed.2d 83, 92 S.Ct. 2163], the court reversed on equal protection grounds a state conviction of a white defendant upon a showing that blacks had been arbitrarily excluded from grand and petit jury service.

*Taylor v. Louisiana* (1975) 419 U.S. 522 [42 L.Ed.2d 690, 95 S.Ct. 692] where the court reversed a state conviction of a male defendant on the ground that women had in effect been totally excluded from jury service.

Similarly, race is an element in determining how a judicial officer reacts and responds to an attorney, litigant, and/or a situation. For a learned judge to ignore that at such a high level is quite shocking to say the least.

Further, there is a White culture in America – whether you acknowledge it, and/or not, it exists. Those traits PLAINTIFF RESHMA KAMATH has opined elsewhere. Some traits of White culture are misreading people of color, often thinking they're disabled and need therapy, greedy, and slew of other negative traits. Judge John Kronstadt is no different. Judge Kronstadt, similar to some of the Defendants in this above-captioned matter, displays White Favoritism. The reason he is not a defendant because he has not yet (or atleast, PLAINTIFF has not found it) falsified evidence such as Defendant Michale Schultz and/or used vulgar language in court such as Defendant William D. Stewart. IMPLICIT WHITE FAVORITISM IN THE CRIMINAL JUSTICE SYSTEM. Justin D. Levinson, Robert J. Smith, Zoe Robinson, Published 2015, Law, Political Science, Sociology, Alabama law review.

To add color to PLAINTIFF RESHMA KAMATH's claims, the following excerpt *re* judicial misconduct in Florida Courts in the Ninth Circuit will help shed some light up on possible judicial misconduct repercussions in California:

"The whistle-blower lawsuit spawned from Brett Arquette's best selling and scathing tell-all book has so far landed a dozen Florida Ninth Circuit Judges in legal peril. Depositions taken from 9th Circuit Court Administration staff has brought to light a number of statutory issues that could find these judges disbarred and possibly even lead to felony charges. The deposed court staff reported everything from dereliction of duty, to fraud, to sexual harassment, going as far to calling out judges having affairs with court staff as well as "special friends" concealed under the robe of "court security". Testimony revealed that Judges Amanda S. Bova and Faye L. Allen rarely come to work, yet they collect a judicial paycheck. Judges Chad K. Alvaro, Mark S. Blechman, and Denise Kim Beamer where singled out for never working on Fridays, no matter their case load. When it comes to case load, Judges John D.W. Beamer, Jeanette Dejuras Bigney, and Elaine A. Barbour, who actually come to work, do very little once in the big chair other than sitting in the chair. Judges Luis F. Calderon, Christine E. Arendas, Jeffrey L. Ashton, and Martha C. Adams were indirectly accused of having extra marital affairs with either court staff or others. it remains to be seen what action will be taken, since there is virtually no oversite of circuit and county Judges in the Florida court system."

Listen to exerpts of Chief Judge Munyon's deposition where she takes the 5th at this link: https://www.PBIAB.pub/Munyon_Deposition.mp3"

Arquette, Brett, *The Ninth Circus Court of Florida My 30-Year Job From Hell!* PBIAB Publishing, Published 05/11/2023

The irony is not lost that Judge John A. Kronstadt recently demonstrated bias and prejudice towards Indians and Indian-Americans, Mohandas and Lekha, as well as their counsel of record, Reshma Kamath, in a different case. That White Favoritism was obviated in that case. Of the dozens of judges in the CACD, the irony is not lost that Judge Kronstadt is opining on issues of race and gender. It seems Judge Kronstadt is a bad judge of people, and of the law.

Judge Kronstadt cites not only erroneous, but falsified citations from cases.

There is **NO MOTION TO RECUSE** from Plaintiff before this Court. **A request is not a motion**. Thus, **none** of the cases, that Judge John Kronstadt attempts to erroneously cite, apply.

Judge Kronstadt cites *Mehmood v. Sarani* as his first case.

1. Reading the entire opinion, Judge Kronstadt has not cited an actual Order. Judge Kronstadt has cited a White female magistrate judge's **findings and recommendations**. That does not have the same force and effect of an Order.

2. Besides having the wrong citation, Judge Kronstadt makes a slew of other mistakes. The correct citation for that case is *Mehmood v. Sarani* (E.D. Cal., **Apr. 19**, 2018, No. 2:17-cv-0970 KJM AC PS) (**not Judge Kronstadt's incorrect citation**: *Mehmood v. Sarani*, No. 17-CV0970-KJM, 2018 WL 1891315, at *2 (E.D. Cal. **Apr. 20**, 2018); (since judicial officers are such sticklers about citations). If you further look at the findings and recommendation, ZERO (0) cases have cited *Mehmood* for the proposition that Judge Kronstadt tries to bring in.

3. Judge Kronstadt has done exactly what Plaintiff informed the District Judge and Magistrate Judge to do. Judge Kronstadt has brought in RACE and GENDER in a RACE and GENDER case against WHITE MALE JUDICIAL OFFICERS. Judge Kronstadt has brought in his personal racism to make a substantive decision about the merits of the case. That itself is racist. Now that the boys' club has started, Plaintiff Reshma Kamath, who as testing what kind of justice is available in the American courtrooms, can imagine how this case will pan out given the racism and misogyny

demonstrated at the outset. There are JUDICIAL CANON OF ETHICS properly drafted to keep the judicial officers in check – but as everyone in America knows, there is no proper enforcement of those JUDICIAL CANONS. Canon 2A of the Code of Conduct for United States Judges generally directs judges to "An appearance of impropriety occurs when reasonable minds, with knowledge of all the relevant circumstances disclosed by a reasonable inquiry, would conclude that the judge's honesty, integrity, impartiality, temperament, or fitness to serve as a judge is impaired."[2] *Code of Conduct for U.S. Judges* (pdf) (effective March 12, 2019.)

Since a judicial employee of Judge Kronstadt prepared the Minute Order, PLAINTIFF RESHMA KAMATH would like to remind them of *Code of Conduct for Judicial Employees* (pdf) (Guide to Judiciary Policy, Vol. 2, Pt. A, Ch. 3.)[3]

As a reasonable, objective litigant, PLAINTIFF RESHMA KAMATH observed White, Male biases. Thus, within her reasonable right, PLAINTIFF RESHMA KAMATH brought a mild request to check upon the judges' partiality. However, the judges, in turn, made a partially substantive ruling, further demonstrating their racism, bias and prejudice. PLAINTIFF RESHMA KAMATH will reasonably observe how this case proceeds, and the slightest inkling of bias from either of the DISTRICT and MAGISTRATE JUDGE will be cause for instant recusal of the judicial officers.

---

[2] https://www.uscourts.gov/judges-judgeships/code-conduct-united-states-judges#:~:text=Canon%202A.,as%20a%20judge%20is%20impaired.

[3] https://www.uscourts.gov/rules-policies/judiciary-policies/code-conduct/code-conduct-judicial-employees

| | | |
|---|---|---|
| 1 | DATED:  December 14, 2023 | **RESHMA KAMATH** |
| 2 | | |
| 3 | | */S/ Reshma Kamath* |
| 4 | | Reshma Kamath, |
| 5 | | Plaintiff, *In Propria Persona* |