UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.   **2:23-cv-08979-JFW (DTB)**                              Date: **February 21, 2024**

Title:  **Reshma Kamath v. The Superior Court of California County of Los Angeles, et al.**

================================================================
**DOCKET ENTRY**
================================================================

PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| S. Lorenzo | n/a |
|---|---|
| Deputy Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:              ATTORNEYS PRESENT FOR DEFENDANT(S):
   None present                                                    None present

**PROCEEDINGS: (IN CHAMBERS) ORDER RE PLAINTIFF'S NOTICE OF ERRATA [DKT. # 39] AND REQUEST FOR ISSUANCE OF SUMMONSES [DKT. NOS. 40-49]**

On October 24, 2023, plaintiff, proceeding pro se and paying the initial filing fee, filed a Complaint herein against the Superior Court of California County of Los Angeles ("LASC"), William D. Stewart ("Stewart"), Michael Schultz ("Schultz"), Commission on Judicial Performance ("Commission"), Judicial Council of California ("Judicial Council"), Samantha Lamm ("Lamm"), Tomas Ortiz ("Ortiz"), Lisa De Lorme ("Lorme"), Daniel Medioni ("Medioni"), and 10 Doe Defendants.  Plaintiff also requested that the Clerk issue a Summons for defendants Shultz, LASC, Commission, Judicial Council, Medioni, Lamm, and Ortiz (Dkt. Nos. 2-8).  On October 25, 2023, the Clerk issued the requested Summonses (Dkt. # 12).  On November 22, 2023, the matter was transferred to this Court's calendar (Dkt. # 21).

On December 10, 2023, as the Complaint had not yet been served, plaintiff filed a First Amended Complaint ("FAC") herein (Dkt. # 23).  Named as defendants in the FAC are the same defendants named in the Complaint with the addition of the County of Los Angeles Sheriff ("Sheriff"), and William Jun ("Jun").  Also on December 10, 2023, plaintiff filed a Request for Reassignment of the Case ("Request") (Dkt. # 24) wherein she requested that the matter be transferred from the assigned District Judge and Magistrate Judge on the ground that both are

"presumedly White, Male Individuals" and, as a result, are likely to be biased in reviewing race and gender-based claims (Dkt. # 24 at 2).  Plaintiff requested that the matter be transferred to "other Judges of Color" (Id.).  Plaintiff argued that "White, Male judicial officers have historically demonstrated that they cannot remain neutral with immigrants, women of color" and contends that she "cannot take a chance" by having Judge Walter and Judge Bristow preside (Id.).  As plaintiff sought the recusal of the current Judges assigned to her case, her Request was referred to Judge Krondstat for decision on December 12, 2023 (Dkt. # 25).  On December 13, 2023, Judge Krondstat denied the Request (Dkt. # 26) finding that plaintiff had offered no evidence that either Judge Walter or Judge Bristow had ever demonstrated bias or partiality, and that the Request was based solely on plaintiff's assumptions based on their race and gender (Id. at 2).

On December 18, 2023, plaintiff requested that the Clerk issue a Summons on the FAC for defendant Jun (Dkt. # 28).  On February 2, 2024, the Court struck the request, advising plaintiff that she was required to request a summons be issued for each named defendant in the FAC and not just for one of the newly-added defendants (Dkt. # 29).  On February 5, 2024, plaintiff filed a "Notice of Errata to the First Amended Complaint as to Does 1 Defendant John F. Walter and 2 Defendant David T. Bristow" ("First Errata") (Dkt. # 31) and requested a Summons be issued as to these defendants on February 7, 2024 (Dkt. Nos. 32, 33).  On February 8, 2024, the Court struck the First Errata and the request for issuance of Summonses (Dkt. Nos. 34-37), on the basis that the First Errata was an attempt to amend the FAC and that plaintiff had not sought leave of court for such.

On February 8, 2024, plaintiff again filed a "Notice of Errata to the First Amended Complaint as to Does 1 Defendant John F. Walter and 2 Defendant David T. Bristow" ("Second Errata") (Dkt. # 39) along with 10 Requests for Clerk to Issue Summonses (Dkt. Nos. 40-49).

In the Second Errata, plaintiff seeks the same relief as in her First Errata, namely, to substitute the true name of a defendant for a previously unknown "Doe" defendant.  However, a notice of errata is not appropriate for the action being requested by plaintiff.  A notice of errata is a filing used for purposes of correcting a clerical or typographical error, not for purposes of raising a substantive issue with the Court.  (See, e.g., Bias v. Moynihan, 508 F.3d 1212, 1224 (9th Cir. 2007).)  Here, plaintiff raises a substantive issue, as she desires to amend the FAC to substitute the true names of two defendants which were previously alleged to be unknown.  Plaintiff does not seek to correct a clerical or typographical error, and therefore, a notice of errata is not the proper mechanism for her request.  Instead, plaintiff must seek leave of Court to either file a second amended complaint (as she has previously amended as a matter of right pursuant to Fed. R. Civ. P. 15(a)(1)) or to move to

substitute the true name of a defendant for a Doe defendant. In either case, plaintiff must do so by means of a noticed motion.

Accordingly, the Court hereby STRIKES plaintiff's Second Errata (Dkt. # 39) and the accompanying Requests for Clerk to Issue Summonses on Second Errata (Dkt. Nos. 40-41).

With respect to the remaining Requests for Clerk to Issue Summons on Amended Complaint (Dkt. Nos. 42-49), the Clerk is directed to issue the Summonses as requested. Plaintiff is ordered to proceed with proper and lawful service of the Summons and FAC on each named defendant in the FAC (Dkt. # 23) and service must comply with the provisions of Rule 4 of the Federal Rules of Civil Procedure.